IN THE UNITED STATES DISTRICT COURT
                          FOR THE NORTHERN DISTRICT OF TEXAS
                                     DALLAS DIVISION

TORRANCE FLEMINGS, 1369010,           )
            Plaintiff,                )
                                      )
v.                                    )    No. 3:10-CV-700-D
                                      )
282ND JUDICIAL DISTRICT COURT, ET AL.,)
            Defendants.               )


                    FINDINGS, CONCLUSIONS AND RECOMMENDATION
                       OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Statement of the Case:** Plaintiff is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division. Defendants are the 282nd Judicial District Court of Dallas County, Judge Karen Greene and Dallas County District Attorney Craig Watkins. No process has issued in this case.

**Screening:**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**Discussion:** Plaintiff was convicted of aggravated robbery. He seeks an order requiring Defendants to perform fingerprint and DNA testing on evidence related to his conviction.

Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Dekalb County Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973). In this case, Plaintiff seeks only mandamus relief against Defendants. The complaint therefore lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 1915(A)(b)(1). *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that the complaint be dismissed with prejudice as frivolous under 28 U.S.C. § 1915A(b).

Signed this 2nd day of August, 2010

/s/ Paul D. Stickney
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).